IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **JULIA D. GUERRERO** | | **PLAINTIFF** |
| v. | NO. _____1:22-cv-00967_____ | |
| **UFCU FINANCIAL SERVICES, LLC;** **AMANDA OSMERA; JOHN CASTRO;** and **TERRY PAGE** | | **DEFENDANTS** |

## COMPLAINT

COMES NOW Plaintiff, Julia D. Guerrero, by and through counsel, Presswood Law, PLLC, and for Plaintiff's Complaint, Plaintiff states:

### PARTIES AND JURISDICTION

1. Plaintiff Julia D. Guerrero ("Guerrero") is a resident and citizen of Williamson County, Texas. Defendant UFCU Financial Services, LLC (hereafter "UFCU") is a domestic limited liability company in the State of Texas that is authorized to do business in the State of Texas. Upon information and belief, Defendant Amanda Osmera ("Osmera"), Defendant John Castro ("Castro"), and Defendant Terry Page ("Page") are residents and citizens of the State of Texas within the jurisdiction of this Court.

2. This is an action brought under the following laws: 42 U.S.C. § 1981, the Civil Rights Act of 1964 ("Title VII") for racial and/or national origin discrimination on Plaintiff by Defendant, UFCU; 42 U.S.C. § 1981 for racial and/or national origin discrimination on Plaintiff by Defendants Osmera, Castro, and Page; 42 U.S.C. § 12112 and 12203, Americans with Disabilities Act of 1990 (ADA) (Titles

1

I and V) and ADA Amendments Act of 2008 (ADAAA) for disability discrimination on Plaintiff and for retaliation, interference, coercion, and intimidation by Defendant UFCU and Defendant Amanda Osmera and Defendant John Castro; and 29 U.S.C. § 2601, et seq., The Family and Medical Leave Act of 1993 (FMLA) for discrimination on Plaintiff for her serious health condition and retaliation and interference for Plaintiff requesting and/or taking leave to treat her serious health condition and/or for requesting suitable accommodations for her serious health condition by Defendant UFCU and Defendant Amanda Osmera and Defendant John Castro.

3. Plaintiff timely filed a Charge of Discrimination and now brings this present case based upon receipt of a Right to Sue Letter. Accordingly, this Court has federal question subject matter jurisdiction under 28 U.S.C. 1331. Since the acts giving rise to this present cause of action all occurred within the jurisdiction of this Court, venue is proper under 28 U.S.C. 1391(b). Further, this Court has supplemental jurisdiction over Texas State Law claims under 28 U.S.C. 1367.

## GENERAL ALLEGATIONS OF FACT

4. Geurrero began working for UFCU on or about November 15, 2010.

5. At all times during Plaintiff's employment with UFCU, Plaintiff performed Plaintiff's job duties satisfactorily.

6. Guerrero never resigned from UFCU.

7. During Plaintiff's tenure with Defendants, Plaintiff worked for Defendants at UFCU's location at 8303 North Mopac Expressway, Austin, Texas 78759.

8. Osmera worked in the Human Resource department at UFCU.

9. At all times during Guerrero's employment, Guerrero acted as a Personal Financial Representative for UFCU.

10. Guerrero's 2018 Performance Evaluation at UFCU showed that she either exceeded expectations or met expectations in all areas of evaluation and was referred to as an "informal leader" in her performance evaluation and recognized for her ability to make "sound judgment calls".

11. On or around April 10, 2018 Guerrero was involved in a serious car accident. The car accident caused Guerrero to suffer from physical injuries resulting in physical disabilities. As a result of her injuries, Ms. Guerrero was unable to perform major life functions, causing her the inability to stand, walk or sit. Ms. Guerrero's injuries were not minor and were not short in duration.

12. In August 2018 Guerrero returned to work after her accident, she was temporarily placed at the Contact Center where she helped with the credit card conversion program until they were able to find an opening at a branch for her that fit her skills and experience.

13. On or around August 15, 2018 Guerrero provided John Castro ("Castro") with a doctor's note regarding working restrictions. The note states that "Patient may perform: Activities as tolerated" and "Other: allow her to sit down if

3

foot starts to swell." It further reads, "NOTE: IF NO WORK IS AVAILABLE WITHIN THE RESTRICTIONS LISTED, PATIENT SHOULD REMAIN OFF WORK UNTIL FURTHER EVALUATION."

14. Beginning August 2018 and through the date of Guerrero's termination, including every Saturday after March 15, 2019, Guerrero was forced to work the Greeter Station on Saturdays which were the busiest days. She was forced to work standing up for 5-6 hours straight without the ability to rest or elevate her foot. Her foot swelled during her working hours.

15. Guerrero complained to Castro that her "foot hurts" and her "foot is swelling". She informed Castro that she needed to elevate her foot and Castro failed to let her elevate her foot. He allowed her intermittent sitting but regularly belittled her for it. When Guerrero complained of her foot hurting, he sighed and rolled his eyes. Despite her doctors' note, Castro continued to schedule Guerrero on busy days and/or at the greeter station and failed to make reasonable accommodations for her disability even though Guerrero could easily perform her work duties while sitting.

16. UFCU claims they extended FMLA benefits the year of Gerrero's accident but failed to consider that Guerrero is entitled to 12 weeks leave every 12 months of employment. Guerrero's second surgery and second request for leave would be scheduled at least 12 months after returning from her first leave of absence. Guerrero was entitled to her second request for leave but was denied by UFCU.

17.     Guerrero asked for accommodations beginning December 2018 and was denied, humiliated and ridiculed. Castro humiliated Guerrero so badly in front of her whole team and members, made her cry and then followed her to the break room after she politely excused herself only to belittle her some more.

18.     On or around October 2018 Ms. Guerrero advised Castro that she would be having a second surgery in January 2019. She provided the date of her surgery and asked for time off.

19.     On December 3, 2018, the day of her pre-operation appointment Guerrero had a meeting with Castro wherein she reminded him of her upcoming surgery scheduled for January 2019. Castro questioned the length of time Guerrero would be out for her surgery. Castro told her that she had to cancel her surgery because he never added it to the schedule and did not have coverage for her absence.

20.     On that same day, Guerrero attended her scheduled pre-op meeting and advised her doctor that she needed to reschedule her surgery due to work. The doctor's notes specifically stated, "She initially wanted to do a preoperative workup today for surgical intervention, which we discussed at a previous visit. Unfortunately, her work does not want her to get off for that amount of time and she is going to have to delay surgery."

21.     Guerrero's January surgery was delayed to August 2019 and Guerrero continued to work in excruciating pain. Guerrero complained to Castro that her

surgery was needed for her to be able to walk normally and to help relieve her constant pain.

22. Since Guerrero was going to have another debilitating surgery late August, she asked for time off in August 2019 to take a family vacation. Her vacation time off was approved. After returning from family vacation and just before scheduling the surgery that was delayed since January, UFCU made allegation that Ms. Guerrero violated company policy and terminated her employment as further described herein.

23. On or around March 12, 2019 Guerrero complained to Janice Matthews, UFCU's Regional Manager, that Castro scheduled Guerrero off on the days that higher management was showing up to the store.

24. Management at UFCU had a history of referring to people they did not approve of as "trash." On March 13, 2019, Castro referred to an African American member as "Basura" which is Spanish for "trash." On a previous occasion, on November 2, 2018, Page referred to an employee, Deborah Adams, who just returned from medical leave as "trash" and stated he did not want her in his region because she had been "out too many times on disability."

25. The week of April 1, 2018 Guerrero met with Rachel Carter and complained that Page discriminated against her due to being Hispanic. Ms. Carter told Ms. Guerrero to take the weekend off and to "think about it" and mentioned to Guerrero that she, herself, was a minority and had been with the company for over 30 years and she stated, "I do not recommend you do something like that."

6

26. Guerrero took her advice and took the weekend off. When Guerrero was headed into work on the following Monday, the day she intended to make the formal complaint, she was in a car accident.

27. Guerrero believes Ms. Carter told Page that Guerrero intended to make a formal complaint against him for discrimination based on her national origin as Salvadorian and for being Hispanic.

28. Guerrero was out of work for weeks following her accident, when she returned under Page's supervision, she began receiving more hostility coupled with new discriminatory practices against her for her injuries that led to her disability.

29. Guerrero was informed by the supervisors at the Contact Center that she was going to be placed in Page's region. When Guerrero asked Page about her placement, he was evasive and dismissive of her inquiry. At that time, Guerrero did not know that Page referred to disabled employees as trash but later learned from a currently employed member.

30. After the accident, Guerrero made several complaints regarding discrimination based on her injuries resulting in disability, discrimination based on being Hispanic, UFCU's failure to make reasonable accommodations, and UFCU's retaliation.

31. At no time did UFCU discipline its employees for their actions concerning Guerrero.

32. On or about August 19, 2019, Guerrero provided a UFCU member/customer with information regarding his account, at his request.

33. On or about August 19, 2019, Guerrero was instructed to report to UFCU's Human Resources and was terminated for allegedly accessing a member's account without the member's permission. Guerrero had permission and provided UFCU with proof. Despite Guerrero's proof that she had permission to access the account, UFCU still terminated her and then later changed its reason for terminating her. Further, the member had already seen the notes and referenced the notes without Guerrero telling him about them. Additionally, the member's girlfriend and joint account holder was an employee at UFCU and had full access to the account and notes.

34. The facts clearly show that UFCU's termination of Guerrero was pretextual for its discriminatory and retaliatory reasons.

35. Plaintiff timely filed Charges of Discrimination with the appropriate agency.

36. Plaintiff now timely brings this cause of action within 90 days after receipt of Plaintiff's Right to Sue Letter.

## COUNT I – DISCRIMINATION AND RETALIATION UNDER 42 USC 1981 AGAINST ALL DEFENDANTS

37. Guerrero re-alleges the foregoing as if fully set out herein.

38. Guerrero has a clearly established right to be free from racial and/or national origin discrimination under the Constitution of the United States, under federal law, and under state law.

39. Guerrero brings this action under 42 U.S.C. 1981 because of the deprivation of Guerrero's constitutional rights by all Defendants as granted under the Equal Protection Clause and the Due Process Clause.

40. All Defendants have retaliated against Guerrero for her complaints concerning racial and/or national origin discrimination.

41. As a direct and proximate cause of Defendants' actions as alleged herein, Guerrero has lost wages, lost fringe benefits, and suffered both severe mental and emotional distress in an amount to be proven at trial.

42. Defendants' actions have been so egregious as to warrant the imposition of punitive damages.

## COUNT II – DISCRIMINATION AND RETALIATION UNDER TITLE VII AGAINST UFCU

43. Guerrero re-alleges the foregoing as if fully set out herein.

44. Guerrero has a clearly established right to be free from racial and/or national origin discrimination under the Constitution of the United States, under federal law, and under state law.

45. Guerrero brings this action under both Title VII for violations of racial and/or national origin discrimination and retaliation related to complaints of such discrimination by UFCU.

46. UFCU has retaliated against Guerrero for her complaints concerning racial and/or national origin discrimination.

47. As a direct and proximate cause of UFCU's actions as alleged herein, Guerrero has lost wages, lost fringe benefits, and suffered both severe mental and emotional distress in an amount to be proven at trial.

48. UFCU's actions have been so egregious as to warrant the imposition of punitive damages.

### COUNT III – DISCRIMINATION AND RETALIATION AND INTERFERENCE UNDER THE ADA AND ADAAA AGAINST DEFENDANT UFCU

49. Guerrero re-alleges the foregoing as if fully set out herein.

50. Guerrero has a clearly established right to be free from disability discrimination and to be free from retaliation, interference, coercion, and intimidation under federal law and under state law.

51. Guerrero brings this action under the ADA and ADAAA for violations of disability discrimination and retaliation, interference, coercion, and intimidation related to requests for accommodations and leave for treatment for her disability and for complaints of such discrimination and mistreatment by UFCU.

52. UFCU has retaliated against Guerrero for her complaints concerning disability discrimination and mistreatment and interfered, coerced, and intimidated Guerrero regarding leave for treatment of her disability.

53. As a direct and proximate cause of UFCU's actions as alleged herein, Guerrero has lost wages, lost fringe benefits, and suffered both severe mental and emotional distress in an amount to be proven at trial.

54. UFCU's actions have been so egregious as to warrant the imposition of punitive damages.

### COUNT IV – DISCRIMINATION AND RETALIATION AND INTERFERENCE UNDER THE FMLA AGAINST DEFENDANT UFCU

55. Guerrero re-alleges the foregoing as if fully set out herein.

56. Guerrero has a clearly established right to be free from disability discrimination and/or discrimination for her serious health condition and to be free from retaliation, interference, coercion, and intimidation under federal law and under state law.

57. Guerrero brings this action under the FMLA for violations of disability discrimination and retaliation, interference, coercion, and intimidation related to her taking leave for a serious health condition and requests for accommodations and additional leave for treatment for her serious health condition and for complaints of such discrimination and mistreatment by UFCU.

58. UFCU has retaliated against Guerrero for Guerrero's complaints concerning disability discrimination and mistreatment and interfered, coerced, and intimidated Guerrero regarding leave for treatment of her serious health condition.

59. As a direct and proximate cause of UFCU's actions as alleged herein, Guerrero has lost wages, lost fringe benefits, and suffered both severe mental and emotional distress in an amount to be proven at trial.

60. UFCU's actions have been so egregious as to warrant the imposition of punitive damages.

**COUNT V – PROMISSORY ESTOPPEL AGAINST ALL DEFENDANTS**

61. Plaintiff re-allege the foregoing as if fully set out herein.

62. Defendants provided Plaintiff with a handbook that included internal processes by which employees were guaranteed protection against discrimination and retaliation and interference along with processes by which complaints about such treatment would be properly investigated and actions taken against anyone found to be committing discrimination or retaliation.

63. Defendants posted information regarding Plaintiff's right to be free from such discrimination and retaliation in a conspicuous place where all employees could see such a posting.

64. Plaintiff experienced discrimination at the hands of Defendants and properly reported such discrimination yet Defendants did not abide by Defendants' own policies providing for such reporting and promising not to retaliate against reporters of discrimination as posted by Defendants at Plaintiff's worksite.

65. Plaintiff regarded the ability to report discrimination and not face retaliation for making such a report as outlined in Defendants' handbook and posted by Defendants as a promise to abide by federal law and Defendants' own internal policies regarding such reporting.

66. Plaintiff reasonably regarded the policies as outlined in Defendants' handbook as a promise to abide by federal law and Defendants' own internal policies regarding discrimination and retaliation.

67. Defendants intended for Plaintiff to regard Defendants' handbook as a promise that Defendants would abide by the policies regarding the reporting of discrimination free from retaliation while working for Defendants as outlined in Defendants' handbook.

68. Plaintiff did, in fact, reasonably rely upon Defendants' promise to abide by its own policies as outlined in Defendants' handbook.

69. Defendants failed to abide by Defendants' own policies as outlined in Defendants' handbook regarding the reporting of discrimination free from retaliation.

70. Due to Plaintiff's reliance on Defendants' promise to abide by the discrimination and retaliation policies as outlined in Defendants' handbook, Plaintiff has experienced an injustice in the form of their terminations and have been damaged.

71. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has lost wages, lost fringe benefits, lost earning capacity, and incurred other damages in an amount to be proven at trial.

72. Defendants' actions have been willful, such that the Plaintiff is entitled to an award of liquidated and punitive damages.

WHEREFORE, Plaintiff prays for appropriate compensatory damages exceeding $75,000, for reasonable attorneys' fees, for costs, for a trial by jury, and for all other proper relief.

Respectfully submitted,

**PRESSWOOD LAW, PLLC**
1101 Satellite View, Suite 605
Round Rock, TX 78665
Tel: (512) 675-4770
Fax:(512) 532-0902

By: /s/ Jessica Presswood
Jessica Presswood
State Bar No. 24093897
jessica@presswoodlaw.com
Attorneys for Plaintiff